**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JOSHUA SOLE,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **1:15-CV-1700-LMM** |
| **TYLER PERRY, TYLER PERRY STUDIOS, LLC and BRETT HENDRIX,** | |
| **Defendants.** | |

## ANSWER OF DEFENDANT BRETT HENDRIX TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** Defendant **BRETT HENDRIX** (hereinafter collectively referred to "Defendant" or "Hendrix"), in the above-styled civil action, by and through undersigned counsel, and responds to the allegations of Plaintiff's Complaint for Damages as set forth below.

## DEFENSES

Hendrix asserts the following defenses to Plaintiff's Complaint. By asserting these defenses, Hendrix does not assume the burden of proof except as required by applicable law.

## FIRST DEFENSE

Plaintiff has failed to state a claim for which relief may be granted as to some or all of his claims.

## SECOND DEFENSE

Plaintiff's claims are barred because Hendrix was not Plaintiff's employer.

## THIRD DEFENSE

Some or all of Plaintiff's claims are barred by his failure to file timely charges with the EEOC.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by his failure to exhaust administrative remedies.

## FIFTH DEFENSE

All discrimination and retaliation claims of Plaintiff which were not included in his EEOC Charge and/or against a proper defendant are barred as outside the scope of that charge.

## SIXTH DEFENSE

To the extent that Plaintiff's Title VII, sex discrimination and retaliation claims contain allegations not encompassed within Plaintiff's charge before the EEOC, this Court lacks jurisdiction over any such allegations.

## SEVENTH DEFENSE

All actions taken by Hendrix with regard to Plaintiff, if any, were taken for legitimate, non-discriminatory, non-retaliatory and non-harassing reasons.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

## TENTH DEFENSE

Plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against Hendrix.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive relief are barred, inasmuch as Plaintiff cannot show that Hendrix showed willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of indifference to consequences.

## TWELFTH DEFENSE

An award of punitive damages against Hendrix would violate his due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution.

## THIRTEENTH DEFENSE

While specifically denying any negligence on the part of Hendrix, if any Defendant was negligent, any recovery by Plaintiff should be reduced proportionally in accordance with the negligence or fault of any other party or non-party pursuant to O.C.G.A. §51-12-33 or any other applicable apportionment statute or rule.

## FOURTEENTH DEFENSE

Plaintiff's claims for compensatory and punitive damages under Federal law are subject to the limitations imposed by 42 U.S.C. § 1981a(b)(3).

## FIFTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities which his employer provided, and failed to avoid harm otherwise.  Defendant asserts the defenses provided for in *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998) and *Burlington Industries v. Ellerth*, 524 U.S. 742.

## SIXTEENTH DEFENSE

Plaintiff's Complaint should be dismissed as any conduct complained of was consented to and not unwanted or unwelcome.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of failure of conditions

precedent and waiver.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and laches.

## NINETEENTH DEFENSE

Plaintiff's claim for equitable relief is barred by the doctrine of unclean hands.

## TWENTIETH DEFENSE

Plaintiff's state tort claims are preempted by federal law.

## TWENTY-FIRST DEFENSE

Plaintiff has suffered no physical injury, and is, therefore, entitled to no damages for emotional distress.  Plaintiff is not entitled to emotional distress damages for the additional reason that he has failed to prove any extreme and/or outrageous conduct on the part of Hendrix.

## TWENTY-SECOND DEFENSE

Plaintiff is not entitled to compensatory damages in this action as he has suffered no physical and/or pecuniary injury.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part as Defendant Hendrix was not a supervisor of Plaintiff.

## TWENTY-FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the exclusive remedy provisions of Georgia's workers' compensation laws.

Defendant answers the individually enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Hendrix admits that Plaintiff has asserted certain claims, but denies that any such claims have merit and otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2.

Hendrix admits that he resides in the geographical area covered by the United States District Court for the Northern District of Georgia, and that Tyler Perry Studios, LLC is also based in such geographic area. Hendrix is without sufficient information to admit or deny the allegations regarding Tyler Perry's residence, and therefore denies same. Except as expressly admitted or otherwise stated herein, Hendrix denies the allegations contained in Paragraph 2 of the Complaint.

3.

Hendrix is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4.

Hendrix is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5.

Hendrix is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6.

Hendrix admits that he is a resident of Fulton County Georgia.  Hendrix denies any other or inconsistent statements set forth in Paragraph 6 of the Complaint.

7.

Hendrix denies the allegations contained in Paragraph 7 of the Complaint.

8.

Hendrix denies the allegations contained in Paragraph 8 of the Complaint.

9.

Hendrix is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10.

Hendrix denies the allegations contained in Paragraph 10 of the Complaint.

11.

Hendrix denies the allegations contained in Paragraph 11 of the Complaint.

12.

Hendrix denies the allegations contained in Paragraph 12 of the Complaint.

13.

Hendrix denies the allegations contained in Paragraph 13 of the Complaint.

14.

Hendrix denies the allegations contained in Paragraph 14 of the Complaint.

15.

Hendrix denies the allegations contained in Paragraph 15 of the Complaint.

16.

Hendrix denies the allegations contained in Paragraph 16 of the Complaint.

17.

Hendrix denies the allegations contained in Paragraph 17 of the Complaint.

18.

Hendrix denies the allegations contained in Paragraph 18 of the Complaint.

19.

Hendrix denies the allegations contained in Paragraph 19 of the Complaint.

20.

Hendrix denies the allegations contained in Paragraph 20 of the Complaint.

21.

Hendrix denies the allegations contained in Paragraph 21 of the Complaint.

22.

Hendrix denies the allegations contained in Paragraph 22 of the Complaint.

23.

Hendrix denies the allegations contained in Paragraph 23 of the Complaint.

24.

Hendrix denies the allegations contained in Paragraph 24 of the Complaint.

25.

Hendrix denies the allegations contained in Paragraph 25 of the Complaint.

26.

Hendrix denies the allegations contained in Paragraph 26 of the Complaint, including all subparts.

27.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

28.

Hendrix denies the allegations contained in Paragraph 28 of the Complaint.

29.

Hendrix denies the allegations contained in Paragraph 29 of the Complaint.

30.

Hendrix denies the allegations contained in Paragraph 30 of the Complaint.

31.

Hendrix denies the allegations contained in Paragraph 31 of the Complaint.

32.

Hendrix denies the allegations contained in Paragraph 32 of the Complaint.

33.

Hendrix denies the allegations contained in Paragraph 33 of the Complaint.

34.

Hendrix denies the allegations contained in Paragraph 34 of the Complaint.

35.

Hendrix denies the allegations contained in Paragraph 35 of the Complaint.

36.

Hendrix denies the allegations contained in Paragraph 36 of the Complaint.

37.

Hendrix denies the allegations contained in Paragraph 37 of the Complaint.

38.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

39.

Hendrix denies the allegations contained in Paragraph 39 of the Complaint.

40.

Hendrix denies the allegations contained in Paragraph 40 of the Complaint.

41.

Hendrix admits Plaintiff asserts certain claims, but deny they have merit or that Plaintiff is entitled to any of the relief he seeks.  Except as expressly admitted

or otherwise stated herein, Hendrix denies the allegations contained in Paragraph 41 of the Complaint.

42.

Hendrix denies the allegations contained in Paragraph 42 of the Complaint.

43.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

44.

Hendrix denies the allegations contained in Paragraph 44 of the Complaint.

45.

Hendrix denies the allegations contained in Paragraph 45 of the Complaint.

46.

Hendrix denies the allegations contained in Paragraph 46 of the Complaint.

47.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

48.

Hendrix denies the allegations contained in Paragraph 48 of the Complaint.

49.

Hendrix denies the allegations contained in Paragraph 49 of the Complaint.

50.

Hendrix denies the allegations contained in Paragraph 50 of the Complaint.

51.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

52.

Hendrix denies the allegations contained in Paragraph 52 of the Complaint.

53.

Hendrix denies the allegations contained in Paragraph 53 of the Complaint.

54.

Hendrix denies the allegations contained in Paragraph 54 of the Complaint.

55.

Hendrix denies the allegations contained in Paragraph 55 of the Complaint.

56.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

57.

Hendrix denies the allegations contained in Paragraph 57 of the Complaint.

58.

Hendrix denies the allegations contained in Paragraph 58 of the Complaint.

59.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

60.

Hendrix denies the allegations contained in Paragraph 60 of the Complaint.

61.

Hendrix denies the allegations contained in Paragraph 61 of the Complaint.

62.

Hendrix denies the allegations contained in Paragraph 62 of the Complaint.

63.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

64.

Hendrix denies the allegations contained in Paragraph 64 of the Complaint.

65.

Hendrix denies the allegations contained in Paragraph 65 of the Complaint.

66.

Hendrix denies the allegations contained in Paragraph 66 of the Complaint.

67.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

68.

Hendrix denies the allegations contained in Paragraph 68 of the Complaint.

69.

Hendrix denies the allegations contained in Paragraph 69 of the Complaint.

70.

Hendrix denies the allegations contained in Paragraph 70 of the Complaint.

71.

Hendrix denies the allegations contained in Paragraph 71 of the Complaint.

72.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

73.

These allegations are not directed to this defendant, but to the extent a response is required, Hendrix is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 73 of the Complaint, and therefore denies the same.

74.

These allegations are not directed to this defendant, but to the extent a response is required, Hendrix denies the allegations contained in Paragraph 74 of the Complaint.

75.

These allegations are not directed to this defendant, but to the extent a response is required, Hendrix denies the allegations contained in Paragraph 75 of the Complaint.

76.

These allegations are not directed to this defendant, but to the extent a response is required, Hendrix denies the allegations contained in Paragraph 76 of the Complaint.

77.

These allegations are not directed to this defendant, but to the extent a response is required, Hendrix denies the allegations contained in Paragraph 77 of the Complaint.

78.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

79.

Hendrix denies the allegations contained in Paragraph 79 of the Complaint.

80.

Hendrix denies the allegations contained in Paragraph 80 of the Complaint.

81.

Hendrix denies the allegations contained in Paragraph 81 of the Complaint.

82.

Hendrix incorporates his defenses and prior responses, as if fully set forth herein.

83.

Hendrix denies the allegations contained in Paragraph 83 of the Complaint.

**WHEREFORE**, Defendant prays as follows:

A.     That the Plaintiff have and recover nothing from Defendants and that the Plaintiff's Complaint be dismissed with prejudice;

B.     The costs of this action be taxed against the Plaintiff;

C.     That the Court grant Defendants their attorney's fees and costs pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, Fed R. Civ. P. 11; and the Court's inherit powers; and

D.     That the Court grant the Defendants such other and further relief as it deems appropriate.

Respectfully submitted this 16th day of June, 2015.

                              HAWKINS PARNELL
                                 THACKSTON &YOUNG LLP


                              /s/ Matthew A. Boyd
                              Matthew A. Boyd
                              Georgia Bar No. 027645
                              mboyd@hptylaw.com
                              H. Eric Hilton
                              Georgia Bar No. 355417
                              ehilton@hptylaw.com
                              4000 SunTrust Plaza
                              303 Peachtree Street, N.E.
                              Atlanta, Georgia 30308
                              Telephone:   (404) 614-7400
                              Facsimile:   (404) 614-7500

                              *Counsel for Brett Hendrix*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JOSHUA SOLE,**

      **Plaintiff,**

**v.**

**TYLER PERRY, TYLER PERRY
STUDIOS, LLC and BRETT
HENDRIX,**

      **Defendants.**

**CIVIL ACTION FILE NO.**

**1:15-CV-1700-LMM**

## <u>CERTIFICATE OF SERVICE</u>

This is to hereby certify that I have this day electronically filed **ANSWER OF DEFENDANT BRETT HENDRIX TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Kwame Thompson, Esq.
Kwame Thompson, P.C.
44 Broad Street, NW
Suite 600
Atlanta, Georgia 30303-2329

- 21 -

This 16th day of June, 2015.

/s/ Matthew A. Boyd

Matthew A. Boyd
Georgia Bar No. 027645
mboyd@hptylaw.com
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone:   (404) 614-7400
Facsimile:    (404) 614-7500

*Counsel for Brett Hendrix*