IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSHUA SOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.1:15-cv-1700 |
| | ) | |
| TYLER PERRY, | ) | |
| TYLER PERRY STUDIOS, LLC, BRETT | ) | |
| HENDRIX, and AND ACTION LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Serve: AND ACTION LLC | ) | |
| c/o MIDTOWN REGISTERED | ) | |
| AGENT SERVICES, INC. | ) | |
| 75 14TH STREET | ) | |
| SUITE 2200 | ) | |
| ATLANTA, GA 30309 | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Joshua Sole, and for his First Amended Complaint against Defendants Tyler Perry, Tyler Perry Studios, LLC, Brett Hendrix, and And Action LLC (collectively, "Defendants"), states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Joshua Sole ("Plaintiff") invokes the jurisdiction of this court pursuant to 28. U.S.C. § 1331, § 1337, § 1343(a)(4) and 42. U.C.C. § 2000e-5(f). Plaintiff also invokes this Court's pendent jurisdiction to hear Plaintiff's state law claims. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. Seq. ("Title VII") and common law. See also § 102 (a) (1) of the Civil Rights Act of 1991.

2. On February 4, 2015, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Attached hereto as Exhibit A).

3. Pursuant to EEOC policy, Defendants were notified by the EEOC that Plaintiff filed a charge of discrimination against Defendants.

4. A right to sue letter was issued by the Equal Employment Opportunity Commission on March 4, 2015. (Attached hereto as Exhibit B).

5. On May 13, 2015, Plaintiff filed a timely complaint ("Original Complaint") within 90 days of his receipt of the EEOC's right to sue letter.

6. Venue is proper in this Court and in this judicial district under 28 U.S.C. § 1391 in that Defendants are residents of the Northern District of the State of Georgia and a substantial part of the events giving rise to Plaintiff's claim occurred in the Northern District of the State of Georgia.

**PARTIES**

7. Plaintiff is a male resident of the Northern District of the State of Georgia.

8. Defendant Tyler Perry is a resident of the Northern District of the State of Georgia. He may be served at his place of residence, at 4110 Paces Ferry Road, N.W., Atlanta, Georgia 30327.

9. Defendant Tyler Perry Studios, LLC ("Tyler Perry Studios") is a Georgia limited liability company with its principal place of business in the Northern District of the State of Georgia. Defendant Tyler Perry Studios may be served with summons and process by service upon its registered agent Midtown Registered Agent Services, Inc., at 75 14th Street, Suite 2200, Atlanta, Georgia 30309.

10. Defendant Brett Hendrix ("Hendrix") is a resident of the Northern District of the State of Georgia. He may be served at his place of residence, at 2909 Campbellton Road, Atlanta, Georgia 30311.

11. And Action LLC ("And Action") is a Georgia limited liability company with its principal place of business in the Northern District of the State of Georgia. Defendant And Action may be served with summons and process by service upon its registered agent Midtown Registered Agent Services, Inc., 75 14th Street, Suite 2200, Fulton, Atlanta, GA, 30309, USA.

12. Upon information and belief, Defendants Tyler Perry, Tyler Perry Studios, and And Action were Plaintiff's joint employers during the course of Plaintiff's employment, because Tyler Perry, Tyler Perry Studios, and And Action retained sufficient control of the terms and conditions of the employees employed by Tyler Perry Studios or And Action.

13. Upon information and belief, during the course of Plaintiff's employment, each of Tyler Perry, Tyler Perry Studios, and And Action maintained the authority to fire and hire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits and hours.

14. Upon information and belief, during the course of Plaintiff's employment, each of Tyler Perry, Tyler Perry Studios, and And Action maintained day-to-day supervision of employees, including employee discipline.

15. Upon information and belief, during the course of Plaintiff's employment, each of Tyler Perry, Tyler Perry Studios, and And Action maintained control of employee records.

**FACTS COMMON TO ALL COUNTS**

16. Plaintiff was hired by Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, as a production assistant on or about August 11, 2014.

17. At all relevant times herein, Defendant Hendrix was an employee of Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, as Continuity Coordinator, a management-level position, and was Plaintiff's supervisor.

18. During the course of his employment with Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, Plaintiff was subjected to ongoing sexual harassment from his supervisor, Defendant Hendrix.

19. Defendant Hendrix inappropriately touched Plaintiff while both were employed by Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly.

20. Defendant Hendrix made a practice and pattern of calling Plaintiff "baby" while both were employed by Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly.

21. Defendant Hendrix made a practice and pattern of telling Plaintiff that he "missed him" while both were employed by Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly.

22. Defendant Hendrix made a practice and pattern of flirting with Plaintiff in anticipation of sexual favors, while both were employed by Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly.

23. Defendant Hendrix made a practice and pattern of enticing Plaintiff with the use of illegal drugs like marijuana while both were employed by Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly.

24. Defendant Hendrix made a practice and pattern of making personal calls and texts of a sexual nature to Plaintiff while both were employed by Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly.

25. Defendant Hendrix continuously made sexual comments to Plaintiff, including, but not limited to, asking him to stay at his personal residence, while both were employed by Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly.

26. Defendant Hendrix's conduct described herein was unwelcome and was resisted by Plaintiff.

27. During the course of his employment, Plaintiff complained that Defendant Hendrix was sexually harassing him.

28. Notwithstanding Plaintiff's complaints of sexual harassment, Defendants Tyler Perry, Tyler Perry Studios, and And Action intentionally refused to take appropriate corrective action. Moreover, Defendants Tyler Perry, Tyler Perry Studios, and And Action knowingly placed Defendant Hendrix in a position where he would continue to come into contact with Plaintiff. As a result, Hendrix continued to harass Plaintiff.

29. Further, and in retaliation of Plaintiff's complaint of sexual harassment, Defendants took steps to adversely impact Plaintiff's employment, including, but not limited to:

    a. Plaintiff lost seniority;

    b. Plaintiff was suspended from his employment;

    c. Plaintiff was removed from the workplace at the direction of the Defendants and was arrested for no reason; and

    d. Plaintiff was terminated from his employment with Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly.

30. Similarly situated female employees were not treated in this way, including, but not limited to, Shaneka Peterson.

31. Hendrix's actions were extreme and outrageous and caused Plaintiff to suffer extreme emotional distress.

32. Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, acted to ratify the wrongful conduct of its supervisor Defendant Brett Hendrix. Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, are liable for all damages which are appropriate to compensate Plaintiff for the harm done because of the sexual harassment he has endured.

33. The above described discrimination and harassment by Defendants was of a continuing nature and pattern and continued unabated throughout Plaintiff's employment with Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly.

34. Due to Defendants' actions as described above, Plaintiff has suffered and will continue to suffer damage to his career and reputation, loss of past and future wages and benefits, loss of self esteem, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress.

35. The discriminatory and retaliatory acts of Defendants as set forth above were willful, deliberate, malicious and done with gross and reckless indifference to Plaintiff's rights which are protected by state and federal law.

36. The foregoing acts of Defendants Tyler Perry, Tyler Perry Studios, LLC, Brett Hendrix, and And Action LLC were willful, wanton, motivated by malice and in intentional disregard for the rights of Plaintiff such that an award of punitive dames is appropriate.

**PLAINTIFF'S CLAIMS FOR RELIEF**

**Count 1 – Title VII Claim for Hostile Environment Sexual Harassment**

**Against Defendants Tyler Perry, Tyler Perry Studios, LLC and And Action LLC**

37. Plaintiff repeats and realleges the allegations contained in preceding paragraphs numbered "1" through "36" with the same force and effect as if set forth fully herein.

38. On a consistent basis during Plaintiff's employment with Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, Plaintiff's supervisor, Defendant Brett Hendrix, subjected him to verbal and physical sexual harassment. Plaintiff was obligated to work in an atmosphere which was hostile to males by virtue of unsolicited and unwelcomed sexual advances, sexual comments, sex based comments, sexual innuendo and other sexually charged conduct. This sexual harassment was sufficiently pervasive to alter the terms and conditions of Plaintiff's employment and created a working environment that was intimidating, insulting, and abusive to male employees.

39. The aforedescribed acts of Defendants in discriminating against Plaintiff because of his sex, male, were in violation of 42 U.S.C. §2000e et seq., because Plaintiff was subjected to sexual harassment which was so severe that it affected the terms and conditions of Plaintiff's employment and Defendants knew of the harassment and refused to take appropriate action.

40. Defendants have discriminated against Plaintiff by subjecting Plaintiff to severe and pervasive sexual harassment.

41. Because of their failure to take remedial action, and its deliberate indifference to the sexually hostile conduct of its high-ranking employee, Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, have intentionally engaged in unlawful employment practices in violation of Title VII.

42. The acts and failures to act of Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, made by and through their supervisor agents, workmen

and employees, including Defendant Hendrix, as described herein, constituted unlawful employment practices proscribed by 42 U.S.C. §2000e-2(a)(1).

43. Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, are strictly liable for the acts and failures to act of Defendant Hendrix.

44. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his sex.

45. At all relevant times, Plaintiff performed his duties in a satisfactory manner.

46. As a direct and proximate result of Defendants Tyler Perry's, Tyler Perry Studios', and And Action's, individually and/or jointly, violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

47. Defendants' actions as described above were willful, wanton, malicious and done with intentional disregard for Plaintiff's rights.

48. Plaintiff has been caused to suffer severe economic and emotional damages as a result of this conduct, and should be awarded punitive damages as a result of Defendants' willful, wanton, and malicious actions.

WHEREFORE, for all the foregoing reasons, Plaintiff Joshua Sole prays that this Court, after trial by jury, enter judgment for Plaintiff and against Defendants in an amount to exceed $1,000,000.00 for Plaintiff's damages and lost benefits of employment, and prejudgment interest thereon; for emotional distress and mental anguish damages; for punitive damages; for attorney's fees and costs of litigation; and for such other relief this Court deems just and proper.

## Count 2 – Retaliation

**Against Defendants Tyler Perry, Tyler Perry Studios, LLC and And Action LLC**

49. Plaintiff repeats and realleges the allegations contained in preceding paragraphs numbered "1" through "48" with the same force and effect as if set forth fully herein.

50. By attempting to report his sexual harassment, Plaintiff engaged in statutorily protected conduct and expression. After he reported the conduct, Plaintiff suffered adverse employment actions, and there was a causal relation between Plaintiff's reporting and the subsequent adverse actions.

51. The aforedescribed acts of Defendants in retaliating and taking adverse employment actions against Plaintiff were in violation of 42 U.S.C. §2000e et seq.

52. Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, therefore, are liable to Plaintiff for all of his damages, including his emotional pain and suffering, proximately resulting from the retaliation against Plaintiff. Further, Plaintiff should be awarded punitive damages as a result of Defendants' willful, wanton, and malicious actions.

WHEREFORE, for all the foregoing reasons, Plaintiff Joshua Sole prays that this Court, after trial by jury, enter judgment for Plaintiff and against Defendants in an amount to exceed $1,000,000.00 for Plaintiff's damages and lost benefits of employment, and prejudgment interest thereon; for emotional distress and mental anguish damages; for punitive damages; for attorney's fees and costs of litigation; and for such other relief this Court deems just and proper.

## STATE LAW CLAIMS FOR RELIEF

### Count 3 – Negligent and Reckless Failure to Provide Plaintiff With a Safe Work Environment

### Against Defendants Tyler Perry, Tyler Perry Studios, LLC, and And Action LLC

53. Plaintiff repeats and realleges the allegations contained in preceding paragraphs numbered "1" through "52 with the same force and effect as if set forth fully herein.

54. Under Georgia Law, Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, owed a duty to Plaintiff, as their employee, to provide him with a safe place to work.

55. By virtue of the aforementioned conduct of his supervisor, who influenced Plaintiff's work environment and who was placed in a position of power and authority by Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, and failure of their agents to properly investigate and rectify the hostile environment, the environment in which Plaintiff worked was not safe. Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, thus failed in their primary duty to Plaintiff and are liable to Plaintiff for all actual and consequential damages proximately resulting from that breach. Further, Plaintiff should be awarded punitive damages pursuant to O.C.G.A. Sec. 51-12-5.1 as a result of Defendants' willful, wanton, and malicious actions.

WHEREFORE, for all the foregoing reasons, Plaintiff Joshua Sole prays that this Court, after trial by jury, enter judgment for Plaintiff and against Defendants in an amount to exceed $1,000,000.00 for Plaintiff's damages and lost benefits of employment, and prejudgment interest thereon; for emotional distress and mental anguish damages; for punitive damages; and for such other relief this Court deems just and proper.

**Count 4 – Negligent and Wrongful Hiring, Supervision and Retention**

**Against Defendants Tyler Perry, Tyler Perry Studios, LLC, and And Action LLC**

56. Plaintiff repeats and realleges the allegations contained in preceding paragraphs numbered "1" through "55" with the same force and effect as if set forth fully herein.

57. Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, knew, or in the exercise of ordinary diligence, should have known, of the propensity of its

employees to engage in sexually offensive conduct toward male employees, and Plaintiff in particular.

58. Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, nevertheless failed and refused to act to protect Plaintiff.

59. Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, are thus liable to Plaintiff for all of his damages sustained as a result of individual acts of harassment and indecency endured by Plaintiff. Further, Plaintiff should be awarded punitive damages pursuant to O.C.G.A. Sec. 51-12-5.1 as a result of Defendants' willful, wanton, and malicious actions.

WHEREFORE, for all the foregoing reasons, Plaintiff Joshua Sole prays that this Court, after trial by jury, enter judgment for Plaintiff and against Defendants in an amount to exceed $1,000,000.00 for Plaintiff's damages and lost benefits of employment, and prejudgment interest thereon; for emotional distress and mental anguish damages; for punitive damages; and for such other relief this Court deems just and proper.

**Count 5 – Intentional Infliction of Emotional Distress**

**Against All Defendants**

60. Plaintiff repeats and realleges the allegations contained in preceding paragraphs numbered "1" through "59" with the same force and effect as if set forth fully herein.

61. The acts of Defendants Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, were so insulting as to naturally humiliate, embarrass and frighten Plaintiff, and have subjected him to serious emotional distress. The conduct at issue was extremely outrageous.

62. Accordingly, Tyler Perry, Tyler Perry Studios, and And Action, individually and/or jointly, are liable to Plaintiff for all general damages, as well as for special damages proximately resulting from this wrongful conduct. Further, Plaintiff should be awarded punitive damages pursuant to O.C.G.A. Sec. 51-12-5.1 as a result of Defendants' willful, wanton, and malicious actions.

WHEREFORE, for all the foregoing reasons, Plaintiff Joshua Sole prays that this Court, after trial by jury, enter judgment for Plaintiff and against Defendants in an amount to exceed $1,000,000.00 for Plaintiff's damages and lost benefits of employment, and prejudgment interest thereon; for emotional distress and mental anguish damages; for punitive damages; and for such other relief this Court deems just and proper.

**Count 6 – Battery**

**Against Defendant Brett Hendrix**

63. Plaintiff repeats and realleges the allegations contained in preceding paragraphs numbered "1" through "62" with the same force and effect as if set forth fully herein

64. On every occasion Defendant Hendrix touched Plaintiff in an offensive manner without his permission or without other justification, he committed battery upon Plaintiff.

65. Defendant Hendrix is liable to Plaintiff for all general and special damages proximately resulting from his battery of Plaintiff. Further, Plaintiff should be awarded punitive damages pursuant to O.C.G.A. Sec. 51-12-5.1 as a result of Defendant Hendrix's willful, wanton, and malicious actions.

WHEREFORE, for all the foregoing reasons, Plaintiff Joshua Sole prays that this Court, after trial by jury, enter judgment for Plaintiff and against Defendant Hendrix an amount to exceed $1,000,000.00 for Plaintiff's damages and lost benefits of employment, and prejudgment

interest thereon; for emotional distress and mental anguish damages; for punitive damages; and for such other relief this Court deems just and proper.

**Count 7 – Invasion of Privacy**

**Against Defendant Brett Hendrix**

66. Plaintiff repeats and realleges the allegations contained in preceding paragraphs numbered "1" through "65" with the same force and effect as if set forth fully herein.

67. By virtue of the acts herein alleged, Defendant Hendrix has plainly trespassed upon Plaintiff's privacy.

68. Defendant Hendrix's conduct amounts to an affront to Plaintiff's personal dignity, and an intrusion of Plaintiff's solitude and private affairs.

69. By virtue of the aforementioned conduct, Plaintiff is entitled to recover all actual and general damages that have proximately resulted from invasions of his right to privacy by Defendant Hendrix. Further, Plaintiff should be awarded punitive damages pursuant to O.C.G.A. Sec. 51-12-5.1 as a result of Defendant Hendrix's willful, wanton, and malicious actions.

WHEREFORE, for all the foregoing reasons, Plaintiff Joshua Sole prays that this Court, after trial by jury, enter judgment for Plaintiff and against Defendant Hendrix in an amount to exceed $1,000,000.00 for Plaintiff's damages and lost benefits of employment, and prejudgment interest thereon; for emotional distress and mental anguish damages; for punitive damages; and for such other relief this Court deems just and proper.

**Count 8 – Libel**

**Against Defendant Tyler Perry Only**

70. Plaintiff repeats and realleges the allegations contained in preceding paragraphs numbered "1" through "69" with the same force and effect as if set forth fully herein.

71. On or about November 7, 2014, Defendant Tyler Perry posted a message on the internet through social media referring to Plaintiff as someone who has to be "mentally disturbed." The post was reposted several times by various online media outlets. The slanderous message had the ability to be seen by millions of people in the United States and billions of people around the world.

72. The November 7, 2014 statement referenced herein was false, malicious and defamatory in nature.

73. By means of the publication of the false and malicious statement, Plaintiff's good name, reputation, and credit has been significantly injured and he has been exposed to public contempt and ridicule.

74. Defendant Tyler Perry's actions constitute libel, and as such, Plaintiff is entitled to special damages. Plaintiff has suffered anxiety, depression and emotional distress from Defendant Tyler Perry's statements. Plaintiff is entitled to such additional special damages as shown by the evidence at trial and general damages. Further, Plaintiff should be awarded punitive damages pursuant to O.C.G.A. Sec. 51-12-5.1 as a result of Defendant Tyler Perry's willful, wanton, and malicious actions.

WHEREFORE, for all the foregoing reasons, Plaintiff Joshua Sole prays that this Court, after trial by jury, enter judgment for Plaintiff and against Defendant Perry in an amount to exceed $1,000,000.00 for Plaintiff's damages and lost benefits of employment, and prejudgment interest thereon; for emotional distress and mental anguish damages; for punitive damages; and for such other relief this Court deems just and proper.

### Count 9 – Bad Faith/Expenses of Litigation

### Against All Defendants

75. Plaintiff repeats and realleges the allegations contained in preceding paragraphs numbered "1" through "74" with the same force and effect as if set forth fully herein.

76. The foregoing acts of Defendants evince a species of bad faith that entitles Plaintiff to recover his necessary expenses of litigation, including an award of reasonable attorneys fees.

WHEREFORE, for all the foregoing reasons, Plaintiff Joshua Sole prays that this Court, after trial by jury, enter judgment for Plaintiff and against Defendants in an amount to exceed $1,000,000.00 for Plaintiff's damages and lost benefits of employment, and prejudgment interest thereon; for emotional distress and mental anguish damages; for punitive damages; for attorney's fees and costs of litigation; and for such other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff herewith demands a trial by jury as to all issues to which a right to trial by jury is afforded.

Respectfully submitted this 14th day of August, 2015.

                                      KWAME THOMPSON, P.C.

                                      /s/ Kwame Thompson_____
                                      Kwame Thompson
                                      Georgia State Bar. No. 101114
                                      Attorney for Plaintiff

44 Broad Street, NW
Suite 600

Atlanta, Georgia  30303
(404) 994-5948 (telephone)
(404) 418-8511 (facsimile)
kthompson@kwamethompson.com