# EXHIBIT D

## Hilton, H. Eric

| | |
|---|---|
| **From:** | Hilton, H. Eric |
| **Sent:** | Wednesday, January 13, 2016 4:33 PM |
| **To:** | 'rebecca_bachelor@gand.uscourts.gov' |
| **Cc:** | kwamethompson@outlook.com; Boyd, Matthew A. |
| **Subject:** | FW: Sole v. Tyler Perry Studios LLC, et al  Civil Action No. 1:15-CV-1700-LMM;  Notice of Discovery Dispute and Request for Conference with the Court |
| **Importance:** | High |

Dear Ms. Bachelor:

This law firm represents Defendants Tyler Perry Studios, LLC  ("TPS") and Brent Hendrix in the above referenced matter.  In accordance with Judge May's Standing Order Regarding Civil Litigation, Section III(f) concerning Discovery Disputes, Defendant Tyler Perry Studios LLC requests a conference with the Court to resolve a discovery dispute.  This matter is time sensitive as discovery closes on Friday, January 15, 2016.

Issue 1:  Defendant TPS hereby requests that this honorable Court order Plaintiff Joshua Sole to fully comply with Defendant's discovery requests and produce for inspection Plaintiff's computer, its hard drive and related storage devices.  Plaintiff's counsel agreed on record to produce the computer hard drive for inspection by Defendant, but has failed to do so and now has reneged on a prior commitment to produce the computer in response to Defendant's Second Request for Production requesting the same.

The issue arose when Plaintiff, for the first time during the deposition of Defendant Brett Hendrix (taken on December 2, 2015),  attempted to introduce, in surprise fashion,  a number of documents that were within the scope of Defendant's previous discovery requests, but not  produced by Plaintiff.  Moreover, it is apparent from Plaintiff's deposition testimony that he did not attempt in good faith to identify, collect and produce documents responsive to Defendant's discovery requests, served on July 2, 2015.  Rather, Plaintiff waited for months until Mr. Hendrix's deposition and tried to rely on the documents withheld to cross-examine Mr. Hendrix.   This is classic "gotcha" discovery.

One of the surprise documents was a  "sworn statement" of a witness who Plaintiff also failed to disclose in his initial disclosures or in response to specific written discovery requests -- Al Be Reyes.  Plaintiff implausibly claimed he only recently located the statement on his computer. The statement, however, is dated June 5, 2015 – *before* Plaintiff served his Initial Disclosures or his discovery responses, and *six months* before his deposition.

Not surprisingly, given the date on the document, the question immediately was raised on the record as to when the statement came into Plaintiff's possession, as it was clear he has been in possession of the document for some time.   As stated above, Mr. Reyes was also not identified as a witness in either Plaintiff's Initial Disclosures or in response to Plaintiff's discovery requests.  During the deposition, Plaintiff also identified other documents that he apparently had on his computer that are within the scope of discovery requested by Defendants, including a detailed Facebook post which describes the events that led to Plaintiff's employment termination and which serves as the basis for his claims.

Accordingly, and based on the fact that additional discoverable documents may exist on Plaintiff's computer, Defendant's counsel requested that Plaintiff produce his computer and its hard drive devices for inspection as provided for by Rule 37(a)(3)(B)(iv). Plaintiff's counsel agreed to allow inspection of Plaintiff's computer on record during the deposition of Mr. Hendrix.  Plaintiff has since refused to produce his computer and hard drive for inspection as

1

promised.  Based on the above referenced events, Defendant's counsel has reason to believe that additional discoverable documents may exist and may be housed on Plaintiff's computer and hard drive storage devices.  Given the prior discovery abuses and withholding of documents, Defendant is also concerned that spoliation of evidence may have occurred.

    Issue 2:    Defendant TPS requests that testimony from the unidentified "Al Be Reyes" and any related documentary evidence be excluded in this matter pursuant to Fed.R.Civ.P. 37(c)(1).   Plaintiff failed to previously identify Mr. Reyes in either his Initial Disclosures or in his responses to Defendant's discovery requests.  The Reyes statement, used for the first time at Defendant Hendrix's December 2, 2015 deposition was dated June 5, 2015 and prior to the date Plaintiff submitted his Initial Disclosures or discovery responses.   Defendant has been prejudiced by the Plaintiff's failure to identify Mr. Reyes in either his Initial Disclosures or discovery responses, and his attempted "surprise" use of those documents during Mr. Hendrix's deposition.   Based upon these dilatory tactics, Plaintiff should be precluded from calling Mr. Reyes as a witness or using any purported statement or document relating to Mr. Reyes in this matter.  Plaintiff's counsel has refused to provide any explanation for this conduct, notwithstanding Defendant counsel's written request for the same.

    As a result of Plaintiff's conduct in failing to comply with discovery and his other discovery abuses , Defendant TPS could not complete the deposition of Plaintiff.  Discovery closes on January 15, 2015, and has already been extended once.  Defendant TPS requests that it be permitted to complete Plaintiff's deposition after the close of discovery and complete any additional discovery (if any) made necessary when Plaintiff is compelled to produce the his computer devices for inspection.   Defendant TPS does not request and would object to a wholesale extension of the discovery period; Plaintiff should not be permitted to profit from his misdeeds through a general discovery extension.

    Defendant's counsel certifies that good faith efforts have been made to confer with Plaintiff's counsel in an effort to resolve this discovery dispute.  On December 15, 2015, counsel for Defendant sent counsel for Plaintiff a letter outlining each of the above matters and requesting production of the documents identified by Plaintiff in his deposition but not previously produced as well as his computer devices, along with as an explanation for why witness Reyes and his "sworn statement" had not been previously identified or produced.  Counsel for Defendant sent an email to Counsel for Plaintiff on January 6, 2016 again requesting a response and explanation.   Earlier today on January 13, 2016, Plaintiff produced a number of additional documents related to Al Be Reyes and other documents not previously produced.  Plaintiff has refused to produce his computer for inspection.   Defendant therefore seeks the Court's intervention to resolve this discovery dispute.

    Defendant TPS is prepared to fully brief this matter at the direction of the Court.


H. Eric Hilton
*Attorney at Law*
**Hawkins Parnell Thackston & Young LLP**
303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
**Direct** 404-614-7664 **Cell** 404-277-7706
**Office** 404-614-7400 **Fax** 404-614-7500
ehilton@hptylaw.com
**View Bio** | **LinkedIn Profile**

Atlanta | Austin | Charleston | Dallas | Los Angeles | Napa | New York | St. Louis | San Francisco

hptylaw.com | LinkedIn | Twitter | Facebook | Google+

NOTICE: This e-mail message and all attachments are sent by or on behalf of H. Eric Hilton. The message and attachments are intended only for the addressee and are covered by the Electronic Communications Act, 18 U.S.C. §§ 2510-2521 as this communication may contain legally privileged and confidential information. Should the reader of this message not be the intended addressee, employee, or agent

responsible for delivering this message to the intended addressee, you are hereby notified that any dissemination, distribution, copying, or other use of this message and/or its attachments is strictly prohibited. If this message was received in error, please notify the sender immediately by replying to this message and then please delete the message and any attachments completely from your computer without reading, copying or forwarding to others.