# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA SOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| TYLER PERRY, ) | 1:15-CV-1700-LMM |
| TYLER PERRY STUDIOS, LLC, and ) | |
| BRETT HENDRIX, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANT TYLER PERRY STUDIOS, LLC'S SECOND REQUEST FOR PRODUCTION

Plaintiff, by and through his attorney, and pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. Pro.") and the Local Rules of this Court, responds and objects to Defendant Tyler Perry Studios, LLC's ("TPS") Second Request for Documents as follows:

### PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendants' requests for documents, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests, and responses to the requests, to be relevant or material to the subject matter of this action.

1

3. Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Plaintiff, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4. A response to a request for production stating that objections and/or indicating that documents and things will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, or definitions and/or instructions applicable to the document request, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, or definitions and/or instructions applicable to the document request.

5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Plaintiff will make available for inspection at Plaintiff's offices responsive documents. Alternatively, Plaintiff will produce copies of the documents.

7. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, document request, and other requests to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

8. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUESTS FOR PRODUCTION No. 1.

*Please produce for inspection any smart phones, hand held devices, computer devices, tablets, lap top computers, computer hard ware, computer software, drives, and storage devices utilized by Plaintiff Joshua Sole during the period June 1, 2014 through the present.*

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION No. 1.

Plaintiff objects to this request, whether broadly or more narrowly construed, to the extent it seeks production of documents and things protected by the work product doctrine, or the attorney-client privilege.

Plaintiff objects to Request No. 1 on the grounds that it is vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and violates the permissible scope of discovery as defined in Federal Rules of Civil Procedure.

This <u>11th</u> day of <u>January</u>, 2016.

                                      Kwame T. Thompson, P.C.

                                                            <u>/s/ Kwame T. Thompson</u>
                                                            Kwame T. Thompson
                                                            Georgia Bar No. 101114
                            Attorney for Plaintiff

235 Peachtree Street
Suite 400
Atlanta, Georgia 30303
(404) 994-5948 (Telephone)
(404) 418-8511 (Facsimile)
<u>kthompson@kwamethompson.com</u>

## VERIFICATION

I, Joshua Edward Sole, have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Subscribed and sworn to under the pains and penalties of perjury this 11th day of January, 2016.

_____
Joshua Edward Sole

As to Objections:

/s/ Kwame T. Thompson
Kwame T. Thompson
Georgia Bar No. 101114
Attorney for Plaintiff

44 Broad Street, N.W.
Suite 600
Atlanta, Georgia 30303
(404) 994-5948 (Telephone)
(404) 418-8511 (Facsimile)
kthompson@kwamethompson.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA SOLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TYLER PERRY, ) <br> TYLER PERRY STUDIOS, LLC, and ) <br> BRETT HENDRIX, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> **1:15-CV-1700-LMM** |

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed **Plaintiff Joshua Sole's Responses to Second Request for Production from Defendant Tyler Perry Studios, LLC** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Matthew A. Boyd
H. Eric Hilton
Hawkins Parnell Thackston & Young, LLP
303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243

I further certify that, pursuant to LR 5.1C, NDGa., the above document was prepared in Times New Roman, 12pt.

Respectfully submitted this 11th day of January, 2016.

　　　　　　　　　　　　　　　　　　/s/ Kwame T. Thompson
　　　　　　　　　　　　　　　　　　Kwame T. Thompson
　　　　　　　　　　　　　　　　　　Georgia Bar No. 101114

Attorney for Plaintiff

**KWAME T. THOMPSON, P.C.**
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303

404.994.5948 (telephone)
404.418.8511 (facsimile)
kwamethompson@outlook.com