**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JOSHUA SOLE,

     **Plaintiff,**

v.

TYLER PERRY, TYLER PERRY
STUDIOS, LLC and BRETT
HENDRIX,

     **Defendants.**

CIVIL ACTION FILE NO.

1:15-CV-1700-LMM

## DEFENDANTS' REQUEST FOR SANCTIONS

Defendants Tyler Perry Studios LLC, And Action LLC and Brett Hendrix ("Defendants") submit this request for discovery sanctions related to Tyler Perry Studios, LLC's previously-filed Motion to Compel Discovery, for Sanctions and for Expenses [Docket No. 37].

## SUMMARY OF RELEVANT FACTS AND PRIOR PROCEEDINGS

**I.      Prior Proceedings.**

Defendant Tyler Perry Studios LLC served Plaintiff with interrogatories, requests to admit, and document requests on July 2, 2015; Plaintiff provided responses on July 31, and then after a discovery good faith letter from defense counsel, Plaintiff provided additional partial supplemental responses on October 1,

2015. During the depositions of Plaintiff and Defendant Brett Hendrix, which occurred on November 30, 2015 and December 2, 2015 respectively, it became apparent that additional discoverable documents or media existed but had not been disclosed. Plaintiff testified that the materials were located either on his computer or on an external hard drive. Plaintiff also disclosed the existence of a previously undisclosed witness, Alberto Reyes.

Additionally, Plaintiff's counsel attempted to offer a purported "sworn statement" of Reyes in the deposition of Mr. Hendrix that Plaintiff had not previously identified or produced, but which had been in Plaintiff's and/or his counsel's possession for over five (5) months. It appears Plaintiff strategically withheld that information until cross-examined in his November 30, 2015 deposition and/or his counsel took the deposition of Brett Hendrix on December 2, 2015.

Plaintiff, in his deposition, also disclosed the existence of a video recording he purportedly made of the events leading up to And Action LLC terminating his employment on October 30, 2014. Plaintiff claimed he had a copy of this recording in his phone and had saved it to an external computer hard drive. Plaintiff failed to produce this video recording, the phone, or the hard drive upon which it was purportedly saved.

During Mr. Hendrix's deposition Plaintiff's counsel agreed on record to produce Plaintiff's computer and hard drive for inspection. Deposition of Joshua Sole ("Pl. Dep.") p. 31:4-19.[1] To formalize that request, Defendant served a Second Request for Production on Plaintiff seeking inspection of Plaintiff's computer and/or hard drives. Despite his prior agreement, however, when Plaintiff served his responses to Defendant's Second Request for Production on January 11, 2016, he objected and refused to produce Plaintiff's computer or hard drive for inspection.

Defendant made multiple attempts to get Plaintiff to abide by his discovery obligations in good faith but Plaintiff failed to comply. Defendant filed a Motion to Compel and for Sanctions on January 15, 2016 as a result of these discovery abuses [Docket No. 37]. Discovery in this case closed on the same date. Defendant also filed a letter with the Court summarizing the issues raised by the Motion to Compel.

## II.    The Court's initial discovery rulings.

Magistrate Judge Walker held a telephone hearing on January 25, 2015, to address Defendants' Motion to Compel. During the hearing, Plaintiff's counsel could offer no excuse or reason why Mr. Reyes and his witness statement – which

---

[1] The deposition excerpts relied upon herein are attached as collective Exhibit A.

had been in Plaintiff's possession for months, had not been identified and produced. Plaintiff also offered contradictory explanations for his conduct, his failure to produce his computer as agreed, and why he had not produced responsive documents either he or his counsel identified (or attempted to use) for the first time during the depositions on November 30 and December 2, 2015.

At the conclusion of the hearing, the Court made an oral order, which was confirmed in a January 28, 2015 Minute Order [No Docket No., entered January 28, 2015], stating:

> The parties appeared telephonically for a hearing on Defendant Tyler Perry Studios, LLC's Motion to Compel Discovery, for Sanctions, and for Expenses. [37]. The Court heard oral arguments from the parties. It is hereby ORDERED that Defendant's Motion to Compel is GRANTED IN PART. [37]. Plaintiff SHALL produce for inspection, within the next fifteen days, his computer and hard drive(s). Additionally, discovery is extended for thirty days from the docket entry date of this minute order as well as all other deadlines. Discovery is extended solely for the purposes of reopening Plaintiff's deposition to further inquire into the circumstances surrounding Plaintiff's receipt of documents from Al Be Reyes and for Defendants to depose Al Be Reyes. Defendant's request for sanctions and expenses is taken under advisement and will be determined after the completion of Plaintiff's deposition and the inspection of Plaintiff's computer and hard drive(s).

## III.  Subsequent developments.

### A.  Plaintiff violates the Court's Order.

#### 1.  Plaintiff did not produce his external hard drive.

When Defendants deposed Plaintiff on November 30, 2015, Plaintiff testified he had *both* a laptop computer and a separate external hard drive containing documents that may be relevant to this case.  Pl. Dep. at 29:8-31:6. Plaintiff claimed the hard drive was still in his possession.  Pl. Dep. at 31:4-6 ("Q. Do you still have the external hard drive that you just referenced?  A. I believe so."), *see also* Pl. Dep. at 244:7-9 (confirming Plaintiff still had possession of the hard drive).

Plaintiff claimed that evidence related to this case was on the hard drive, including a video Plaintiff took the day he was fired.  Pl. Dep. at 244.   The video apparently shows Plaintiff riding a bicycle around the TPS campus, under the influence of illegal drugs, on his last day of employment.  Pl. Dep. p. 243:8 to 244:10).   As pointed out in Defendants' summary judgment briefs, shortly after Sole recorded this video, he accessed TPS's executive suites, barricaded himself in a spare room, and demanded to speak with Tyler Perry.  Plaintiff's bizarre behavior continued, necessitating police intervention and ultimately resulting in Plaintiff's arrest.   The video is therefore contemporaneous and highly relevant evidence of

Plaintiff's actions and state of mind at the very time he engaged in the aberrant behavior that resulted in his employment termination.[2]  Plaintiff still has not produced this material.

### 2.    Plaintiff produces his laptop late.

During the telephonic hearing on Defendants' Motion, the Court ordered Plaintiff to produce the requested materials for forensic inspection by February 12, 2016, and permitted Defendants (and Defendants alone) to conduct specified additional discovery through February 27, 2016. Around this same time, the parties expressed a willingness to engage in settlement negotiations prior to incurring expenses for the above-referenced forensic discovery and anticipated summary judgment filings. Therefore, the parties requested that the forensic discovery deadline be extended to allow additional time to explore the possibility of settlement. The Court granted the parties' request twice; in its most recent Order the Court established the following discovery schedule (again limited solely to Defendants' review of Plaintiff's computer and deposition of the late-identified witness):

---

[2] As set forth in Defendants' summary judgment briefs, Plaintiffs claims have no merit and should not be tried before a jury.  Should a trial be necessary, however, one can imagine the impact a video showing Plaintiff, admittedly under the influence of illegal drugs, pedaling erratically around the TPS campus would have on Plaintiff's wrongful termination claims.

- Plaintiff was required to produce his computer and related items to Defendants on or before March 23, 2016;

- Defendants then had until April 25, 2016 to conduct their forensic review and complete related discovery (as outlined in the Court's prior minute order); and

- The deadline for filing dispositive motions would be on or before May 25, 2016.

Settlement discussions extended for several weeks, but were not fruitful. On March 23, 2016, Defendants' counsel e-mailed Plaintiff's counsel, Kwame Thompson, twice to inquire as to the status of Plaintiff's production of his computer/hard drive. *See* Exhibit A to the Declaration of Matthew A. Boyd ("Boyd Dec."), filed in conjunction with Defendants' Motion to Extend Discovery Period [Docket No. 48-1]. Mr. Thompson responded the following afternoon, stating that Plaintiff attempted to take it directly to the office of Defendants' forensic expert, James Persinger, but "got stuck in traffic". *See* Boyd Dec., Exhibit B.

Plaintiff arrived with his laptop at Defendants' expert's office at approximately 4:40 p.m. (20 minutes prior to the office closing), but the laptop was in the process of decrypting and could not be accessed at that time. *See* Declaration of Evelyn Persinger ("Persinger Decl."), ¶ 8, filed in conjunction with Defendants' Reply in Support of Motion for Extension [Docket No. 60-1]. Counsel for Defendants had previously informed Mr. Thompson that the computer would need

to be de- encrypted before a forensic image could be made. Boyd Dec. ¶ 3. Because the computer was still in decryption mode late in the afternoon on March 24, it is clear that Plaintiff had no intention of complying with the Court's order, and only did so (late) when his lawyer was prompted by defense counsel.

Plaintiff took his laptop back home with him and agreed to return it the following day. Persinger Decl. ¶ 10. Mr. Persinger was finally able to begin the forensic imaging on Friday, March 25, 2016; it was completed and the laptop was made available to Plaintiff on Monday, March 28, 2016. Persinger Decl. ¶ 28.

**B.** **Defendants take Alberto Reyes's deposition, whose testimony confirmed that Plaintiff engaged in discovery abuses.**

Defendants deposed Alberto ("Al Be") Reyes on April 25, 2016. Mr. Reyes confirmed he had multiple communications in early June 2015 with a "crisis manager" named Tye Farley retained by Plaintiff.[3] Mr. Farley obtained for Plaintiff a statement from Reyes on or about June 5, 2015 – the same statement Plaintiff's counsel attempted to use in surprise fashion five months later when he deposed Brett Hendrix. Deposition of Alberto Reyes ("Reyes Dep.") p. 26:17 to 30:19.

---

[3] Defense counsel has since learned that Mr. Farley is essentially a press agent. His presence in this matter is indicative of Plaintiff's intention to try to generate publicity about this case and to try the case in the press. Mr. Farley has issued press releases on Plaintiff's behalf soliciting media interviews.

Reyes's testimony therefore makes clear that Plaintiff and/or his counsel strategically withheld this evidence, despite multiple discovery requests (and obligations under Fed. R. Civ. P. 26(a)(1)) that compelled its early disclosure. Further, Plaintiff did not identify Farley or any documents exchanged with Farley as was required by Defendant's Interrogatory No. 18.[4] The communications between Farley and Reyes occurred in early June 2015, months before Plaintiff responded to discovery and months before Plaintiff's counsel the Reyes statement in Brett Hendrix's deposition.

## IV.    Request for Sanctions.

There is an apparent pattern here. The facts support a finding that Plaintiff has withheld and spoliated evidence.  He did not produce his hard drive, as specifically ordered by the Court.   He did not produce the October 30, 2014 video. He concealed the identity of witnesses and documents in flagrant disregard of his obligations under Fed. R. Civ. P. 26 and 37, strategically withholding documents until he and/or his counsel thought they might be useful – such as using the Reyes statement in surprise fashion at Hendrix's deposition. Plaintiff still has not

---

[4] Copy attached hereto as Exhibit B.  There is no evidence suggesting that Farley is an attorney or was retained by Plaintiff's counsel.   Even if he was, however, that is no excuse for Plaintiff to fail to identify communications with Farley in response to a specific discovery request.

produced his hard drive as ordered by the Court, nor has he produced the video referenced above.

Under Federal Rule of Civil Procedure 37, the Court may sanction a party for destroying evidence. Federal law "governs the imposition of spoliation sanctions," though the Court's determination is also informed by Georgia law. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). In determining the proper sanction for spoliation, the Court must consider "(1) whether the defendant was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; [and] (4) whether the plaintiff acted in good or bad faith." *Id.* at 945.

The Court has several remedies at its disposal, and can impose sanctions under Fed. R. Civ. P. 37 and its "inherent powers" to control litigation. *See e.g., Mallard v. United States Dist. Ct. for the S.D. of Iowa*, 490 U.S. 296, 308-309 (1989). Because Plaintiff has disobeyed this Court's orders and displayed a pattern of discovery misconduct, striking Plaintiff's complaint under the Court's inherent powers is warranted. *See McMunn v. Memorial Sloan-Kettering Cancer Center*, 191 F. Supp. 2d 440, 461-462 (S.D.N.Y. 2002) (dismissing case after pattern of litigation abuse).

Should the Court be disinclined to grant that remedy, however, the Court should, at a minimum:

1.      Apply an adverse inference related to Plaintiff's spoliation of the above-referenced video, including an instruction that the missing evidence was adverse to Plaintiff's case, and that the video would show Plaintiff erratically riding a bicycle around the TPS campus under the influence of illegal drugs;

2.      Prevent Plaintiff (but not Defendants) from using or relying upon any testimony or statement from Alberto Reyes, based upon Plaintiff's strategically withholding this information in discovery;[5] and

3.      Impose monetary sanctions, requiring Plaintiff to promptly pay Defendants for their costs, expenses and fees associated with (1) filing their initial motion to compel and related filings; (2) attendance at the Court's February 25,

---

[5] *See* Fed. R. Civ. P. 37(c)(1): "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." *Accord See Frierson v. Atlanta Independent School System,* 22 F. Supp. 3d 1264, 1283-1287 (N.D. Ga. 2014) (excluding witness and declarations in employment discrimination case for plaintiff's failure to list witnesses in Initial Disclosures or in response to discovery)*; Goodman-Gable-Gould v. Tiara Condominium Ass'n, Inc.*, 595 F.3d 1203, 1209-1212 (11th Cir. 2010)(affirming district court's exclusion of evidence based discovery violations and failing to make proper disclosures under Rule 26). *See also Faulk v. Volunteers of America,* 444 Fed. Appx. 316, 317-319 (11th Cir. 2011) (recognizing that "when a party fails to comply with Rule 26, the district

2015 telephonic discovery hearing; (3) retaining an expert and forensically reviewing Plaintiff's laptop; (4) taking Alberto Reyes's deposition; and (5) preparing this motion and any associated filings.[6]   The sanctions order should also provide that if Plaintiff does not pay such monetary sanctions within thirty (30) days of the Court's order, his Amended Complaint will be dismissed with prejudice.[7]

---

court does abuse its discretion by striking an affidavit submitted in opposition to summary judgment pursuant to Rule 37(c)").

[6] Should the request for monetary sanctions be granted, Defendants will submit a sworn declaration from counsel itemizing the costs and attorney's fees associated with the foregoing items.

[7] Rule 37(a)(5) permits the Court to direct Plaintiff or his counsel to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" if the motion to compel is granted or if the disclosure is made after the filing of the motion. Fed. R. Civ. P. 37(a)(5).  Not only has Plaintiff unreasonably failed to cooperate in discovery, it appears from a reasonable review of the facts, that a witness and relevant documentary evidence was deliberately withheld and delayed for production by Plaintiff for strategic gain.   Accordingly, the Court should award Defendants  their fees and costs for bringing this motion and whatever other relief the Court deems justified.  *See Knights Armament Co. v. Optical Systems Technology*, 254 F.R.D. 470, 472 (M.D. Fla. 2008)(noting that party was on notice that movant was seeking attorney fees in connection with motion to compel under Rule 37, and movant made good faith effort to resolve discovery dispute prior to filing motion). *See also Slep-Tone Entertainment Corporation v. Johnson, et al.*, 518 Fed. Appx. 815, 821-822 (11th Cir. 2013)(noting that the district court erred in failing to enter an attorney fee award on a motion to compel inspection without justification and without applying the correct legal standard").

## **CONCLUSION**

As noted above, a pattern of withholding information exists here. Plaintiff violated the Court's order regarding the production of his hard drive. Plaintiff's conduct should not be condoned and he should be sanctioned as requested herein.

Respectfully submitted this 25th day of May, 2016.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

/s/ Matthew A. Boyd

303 Peachtree Street, N.E.        Matthew A. Boyd
Suite 4000                        Georgia Bar No. 027645
Atlanta, Georgia 30308            mboyd@hptylaw.com
T: (404) 614-7400                 H. Eric Hilton
F: (404) 614-7500                 Georgia Bar No. 355417
                                  ehilton@hptylaw.com

*Counsel for Defendants And Action LLC,*
*Tyler Perry Studios, LLC and Brett*
*Hendrix*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JOSHUA SOLE,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **1:15-CV-1700-LMM** |
| **TYLER PERRY, TYLER PERRY STUDIOS, LLC and BRETT HENDRIX,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

This is to hereby certify that I have this day electronically filed the foregoing

**DEFENDANTS' REQUEST FOR SANCTIONS** with the Clerk of the Court

using the CM/ECF system which will automatically send email notification of such

filing to the following attorney of record:

Kwame Thompson, Esq.
Kwame T. Thompson, P.C.
235 Peachtree Street, NE
Suite 400
Atlanta, Georgia 30303-1400

**[ Date and Signature on Next Page ]**

This 25th day of May, 2016.

/s/ Matthew A. Boyd
Matthew A. Boyd
Georgia Bar No. 027645

*Counsel for Defendants Tyler Perry Studios, LLC, And Action LLC and Brett Hendrix*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308
T: (404) 614-7400
F:  (404) 614-7500

11351183v.2