IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSHUA SOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| TYLER PERRY, | ) | **1:15-CV-1700-LMM** |
| TYLER PERRY STUDIOS, LLC, | ) | |
| BRETT HENDRIX, and | ) | |
| AND ACTION, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S REPLY TO DEFENDANTS' MOTION FOR SANCTIONS

Plaintiff Joshua Sole ("Plaintiff"), by and through his attorney, hereby request Defendants' motion for an extension of the current deadline to complete discovery and for sanctions under Local Rules 16.5 and 37 be denied. This request is based on Plaintiff's cooperation in discovery and compliance with this Court's Order compelling the production of certain documents. Plaintiff states the following in support of his Motion:

### PLAINTIFF'S COOPERATION IN DISCOVERY

Defendants first served Plaintiff with written discovery requests in this case on July 2, 2015. Plaintiff objected to the production of Plaintiff's laptop computer. During the deposition of Brett Hendrix on December 2, 2015 plaintiff agreed to produce an external hard drive and not his laptop computer as Defendants' counsel has stated. Plaintiff also stated, at the time, that the hard drive was broken. Plaintiff subsequently diligently searched for said external hard drive. Plaintiff was not able to locate the hard drive. Despite the fact that the hard drive was lost Defendants' counsel filed a Motion to Compel Plaintiff to produce the lost external hard drive

1

for inspection.  Plaintiff has produced all relevant and non-privileged documents responsive to Defendants request.

## THIS COURT'S ORDER ON DEFENDANTS' MOTION TO COMPEL

Following a telephonic hearing on Defendants' Motion, the Court ordered Plaintiff to produce the requested materials for forensic inspection by February 12, 2016.  On Wednesday, January 27, 2016; Plaintiff's counsel sent an email to Defendants' counsel Matthew Boyd and Eric Hilton stating that Plaintiff would deliver his laptop to Plaintiff - counsel's office on the following day. Eric Hilton responded not to have the laptop delivered but that they would have their "expert retrieve [it] directly from [Plaintiff's Counsel] office to avoid any chain of custody issues." (See Exhibit B – Email communication between Plaintiff and Defendant Counsels) The parties subsequently motioned the court for an extension of the discovery deadline.  According to this Court's Order, Plaintiff was required to produce his computer on March 23, 2016.

On Wednesday, March 23, 2016 at 1:35pm; Defendants' Counsel emailed Plaintiff's Counsel stating that the laptop computer should be taken to 400 Galleria Parkway, Atlanta, GA 30339 as opposed to the earlier statement that the laptop would be retrieved from Plaintiff-Counsel's office.  (See Exhibit A to the Affidavit of Joshua Sole ("Sole Affidavit"), filed contemporaneously herewith.  Plaintiff Sole contacted the Defendants' expert PM Investigations, Inc. and attempted to deliver the laptop computer on March 23, 2016.  He called ahead and stated that he was in traffic and was running a little behind.  Plaintiff arrived at PM, Investigations, Inc. office at approximately 5:02 PM.  (See Sole Affidavit).

Plaintiff Sole then attempted to deliver his laptop to PM Investigations on March 24, 2015. Plaintiff Sole was informed that the person who was to receive his laptop was not in the office and to deliver the following day. (See Sole Affidavit).  Plaintiff Sole delivered his laptop to PM

Investigations, Inc. on March 25, 2015 after three attempts. (See Sole Affidavit). PM Investigations, Inc. began forensic imaging on Friday, March 25, 2016 but did not return Plaintiff Sole's laptop until the following week in direct opposition to the Judge's instructions during the telephonic hearing in which This Court stated that the laptop should be returned to Plaintiff Sole in 24 hours. (See the Declaration of Matthew A. Boyd, filed contemporaneously with Defendant's Motion) Furthermore, Defendants had a month from when they were in receipt of the laptop until the deadline to complete the forensic review.

III. Subsequent Developments

    A. Plaintiff did not violate the Court's Order

        1. Plaintiff explained to the Court that the external hard drive was lost.

Plaintiff traveled to Denver and made a diligent search for the damaged hard drive. Plaintiff was not able to locate said hard drive. Thus there was no violation of the Court's Order.

        2. Plaintiff produced his laptop late due to interference from Defendant's Counsel

Plaintiff attempted to comply with this Court's order and timely produce the laptop. However, Defendant's counsel called Plaintiff's counsel in the afternoon on the day the laptop was to be produced at the Defendants' attorneys' offices. Defendants' attorneys changed the location for the delivery of the laptop.

    B. Defendants take Alberto Reye's deposition, whose testimony confirmed that Plaintiff did not engage in discovery abuses.

The deposition of Alberto Reyes revealed that Plaintiff had engaged a crisis manager by the name of Tye Farley to help clean his image due to the defamation caused by the lawsuit from Tyler Perry and Tyler Perry Studios, LLC. Tye Farley has not material information regarding

the case other than what was in the news media. Plaintiff Sole put Mr. Farley in touch with MR. Reyes before he had retained counsel out of protection for himself. The statement from Alberto Reyes was not intentionally withheld and was not used in the deposition.

## **THE COURT SHOULD NOT IMPOSE SANCTIONS AGAINST PLAINTIFF AND SHOULD AWARD PLAINTIFF FEES AND COSTS**

Plaintiff requests that the Court does not impose sanctions under Local Rule 16.5 and does not award Defendants any fees or costs incurred in bringing their Motion to pursuant to Fed. R. Civ. P. 37(b)(2). Plaintiff has continued to cooperate in discovery and has complied with this Court's Order compelling the production of his hard drive data. Fed. R. Civ. P. 37(b)(2)(C) provides that if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just, including an order striking out pleadings or rendering a judgment by default against the disobedient party. This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule. Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). For example, a default judgment sanction requires a willful or bad faith failure to obey a discovery order. Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Fed. R. Evid. 37 default judgment or dismissal. Id. Thus, a Fed. R. Civ. P. 37(b)(2)(C) violation caused by inability to comply due to Defendants' actions are not grounds for sanctions against Plaintiff. Plaintiff has produced all relevant and non-privileged documents responsive to Defendants request within the Discovery period.

Defendants should be sanctioned for preventing Plaintiff from complying with this Court's Order compelling the production of Plaintiff's laptop computer. Further, Plaintiff is

entitled to recover his fees and costs for bringing this Reply to Defendants' Motion and whatever other relief the Court deems justified.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court not impose sanctions against Plaintiff but against Defendants for impeding Plaintiff's ability to comply with this Court's Order, and award Plaintiff fees and costs for bringing this motion and whatever other relief the Court deems justified.

This 30th day of June, 2016.

**Kwame T. Thompson, P.C.**

/s/ Kwame T. Thompson
Kwame T. Thompson
Georgia Bar No. 101114
*Attorney for Plaintiff*

235 Peachtree Street, NE
Suite 400
Atlanta, Georgia 30303
(404) 994-5948 (Telephone)
(404) 418-8511 (Facsimile)
kthompson@kwamethompson.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA SOLE, )<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>TYLER PERRY, )<br>TYLER PERRY STUDIOS, LLC, and )<br>BRETT HENDRIX, )<br>    Defendants. )<br>) | CIVIL ACTION NO. **1:15-CV-1700-LMM** |

## **CERTIFICATE OF SERVICE**

This is to hereby certify that I have this day electronically filed the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO EXTEND DISCOVERY AND FOR SANCTIONS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Matthew A. Boyd, Esq. & H. Eric Hilton, Esq.
Hawkins Parnell Thackston & Young, LLP
303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243

Respectfully submitted this 30th day of June, 2016.

                                            Kwame T. Thompson, P.C.

                                            /s/ Kwame T. Thompson

                                            Kwame T. Thompson
                                            Georgia Bar No. 101114